IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BRIAN STEELE, et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>ARAMARK CORPORATION, et al.,<br><br>                Defendants. | Civil No. 09-4340 (JBS/JS) |

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses the parties' "late notice" objections raised in the Joint Final Pretrial Order ("JFPTO").[1] The Court received the parties' letter briefs and held oral argument on August 28, 2012. The transcript of the argument is available on PACER at Doc. No. 127 (hereinafter "Tr."). The objections are GRANTED in part and DENIED in part.

Background

The Court originally reserved decision on the parties' late notice objections pending the outcome of the Motion for Reconsideration [Doc. No. 97] filed by defendant Quad Graphics, Inc. ("Quad").[2] The motion was granted [Doc. No. 126] and the case was dismissed, but the decision was reversed on appeal.

---
[1] "Late notice" refers to the situation where a party received notice of a relevant exhibit, witness, or expert report after all discovery was completed. In this case, notice was given when the parties were preparing the JFPTO.
[2] Quad moved to reconsider the March 29, 2012 decision [Doc. Nos. 91, 92] denying its motion for summary judgment.

1

Steele v. Aramark Corp., \_\_ Fed. Appx. \_\_, 2013 WL 4083268 (3d Cir. July 18, 2013). After the remand the Court continued to reserve decision on the parties' late notice objections pending the parties' settlement negotiations which were unsuccessful. Trial is scheduled to start on January 7, 2014. The Court expects to enter the JFPTO next week.

The Court will address four objections. First, Quad objects to three photographs plaintiff produced late. Two, Quad objects to Dr. McElhough's note (plaintiff's treating physician) that plaintiff produced late. Three, Quad objects to the late identification of Sgt. Thomas as a trial witness. Four, plaintiff objects to the late production of the August 3, 2011 affidavit of Quad's trial expert, Dr. Michael Rudnick. The Court will separately address each of these objections. Since the parties are obviously familiar with the fact and procedural background of this matter, the history will not be set forth in detail. The Court incorporates by reference the background set forth in Steele, supra. In short summary, plaintiff alleges he suffered injuries after he was exposed to toluene released from Quad's rags that he transported in drums from Quad's West Virginia facility to Aramark Corp.'s laundry facility in New Jersey. Plaintiff is currently receiving dialysis and is on the kidney transplant waiting list.

Discussion

As to the applicable legal principles to apply, pursuant to Fed. R. Civ. P. 26(e) a party has a duty to supplement in a timely manner its Rule 26(a) disclosures and answers to interrogatories unless, <u>inter alia</u>, the additional information "has not otherwise been made known to the other parties during the discovery process or in writing." Pursuant to Rule 37(c)(1), if a party fails to disclose information pursuant to Rule 26(a), or supplement a discovery response or disclosure pursuant to Rule 26(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."

The Third Circuit has identified the factors to analyze to determine whether late produced evidence should be precluded as a sanction pursuant to Rule 37(c). These factors are: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the injured party to cure the prejudice; (3) the likelihood the admission of the late evidence would disrupt the orderly and efficient trial of the case or of other cases in the court; (4) bad faith or willfulness in failing to comply with the Court's Orders; and (5) the importance of the evidence to the proffering party. <u>See</u> <u>Meyers v. Pennypack Woods Home Ownership Ass'n.</u>, 559 F.2d 894, 904 (3d

3

Cir. 1977); In re Mercedes-Benz Anti-Trust Litig., 225 F.R.D. 498, 506 (D.N.J. 2005). In addition, as set forth in ABB Air Preheater, Inc. v. Regenerative Environmental Equipment Co., Inc., 167 F.R.D. 668, 671 (D.N.J. 1996)(citations omitted),"[t]he Third Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony".

1. Photographs

Quad objects to three photographs plaintiff took on July 14, 2009. The photographs purport to depict the same type of vehicle plaintiff used to make deliveries to Quad, and the condition of Quad's drums that plaintiff transported. The pictures were taken at Aramark's Cherry Hill, New Jersey facility shortly after plaintiff's truck was stopped by a NJ State Trooper on Route 295. Plaintiff was cited for, inter alia, improper load securement of eight 55 gallon drums containing "Toluene rags", operating a vehicle in an unsafe condition, and "Motor Carrier requiring driver to operate a CMV while ill or fatigued from fumes emitting from the load, Lids secured by masking tape only." On September 13, 2012, Quad questioned plaintiff in detail about these photographs at plaintiff's deposition.

4

Quad's "late notice" objection to the photographs is OVERRULED. It is apparent to the Court that the photographs were inadvertently produced late and plaintiff did not act in bad faith. Further, the photographs are important to plaintiff's case because they purport to depict the condition of the drums that are central to the liability issues in the case. Perhaps most importantly, Quad is not prejudiced by the photographs. The photographs depict what plaintiff described throughout the case. In addition, Quad deposed plaintiff about the photographs and had a full and fair opportunity to take the discovery it needed to address the photographs. Further, the use of the photographs will not delay trial or result in any other discovery. The Court recognizes that Quad objects to the admissibility of the photographs. The Court makes it clear that it is only ruling on Quad's late notice objection. The Court is not ruling on Quad's evidentiary objections.

2. Dr. McElhough's Note

Quad objects to Dr. McElhough's July 21, 2009 note mentioning the association of toluene and renal failure. The note was not produced to Quad until March, 2012. Tr. 11:9-ll. Again, the Court does not find that plaintiff acted in bad faith. Although the note was produced to Quad late, this was inadvertent. Nevertheless, unlike the situation that exists with regard to the foregoing photographs, Quad will be substantially

5

prejudiced if plaintiff is permitted to use Dr. McElhough's note as a trial exhibit. Accordingly, Quad's late notice objection to Dr. McElhough's note is SUSTAINED.

The note in question touches on the key causation question of whether plaintiff's exposure to toluene caused his illness. In order to cure the prejudice resulting from plaintiff's late production, Quad would have to be given an opportunity to depose Dr. McElhough about the note. In addition, this may result in a supplemental report from Quad's expert and possibly more expert depositions. This will undoubtedly delay the proceedings in the case and could result in the postponement of the imminent trial. Given the age of the case no further trial delays are warranted.

Further, it is not insignificant that the relevance of Dr. McElhough's note is questionable. Plaintiff acknowledges Dr. McElhough will not testify as a causation expert. Tr. 9:8-10. This being the case, it is hard to see the relevance of his note referencing toluene. Plaintiff asked the doctor to prepare the note so he could present it to his employer to be excused from transporting Quad's loads. There is no indication the note was intended to be expert opinion on whether plaintiff's exposure to toluene caused his illness. Given the substantial prejudice to Quad that would result from the use of Dr. McElhough's note, and its minimal or non-existent relevance to plaintiff's case, Quad's late notice objection is SUSTAINED.

6

3. <u>Sgt. Thomas</u>

Quad objects to plaintiff naming NJ State Trooper Sgt. Thomas as a trial witness. Sgt. Thomas stopped plaintiff's truck on July 14, 2009, and cited him for an improper load. Quad acknowledges it had a copy of the Sergeant's report and knew about the stop at issue. Quad also acknowledges that it was on notice of Sgt. Thomas (Tr. 16:21-17:7). In addition, Quad had an opportunity to question plaintiff about the stop at issue at plaintiff's September 12, 2012 deposition.

Quad's late notice objection to Sgt. Thomas is OVERRULED. At all relevant times Quad knew about Sgt. Thomas and had a copy of the ticket/documents he prepared. Therefore, he was otherwise known to Quad. Given the language in the citation issued to plaintiff, Quad should not be surprised that plaintiff named Sgt. Thomas as a trial witness. Nevertheless, in the interest of fairness, the Court grants Quad's request for leave to depose Sgt. Thomas. The deposition shall be taken before trial starts on January 7, 2014. The deposition should not be long or complicated since it will only focus on what occurred during plaintiff's stop on July 14, 2009. The Court expects trial counsel to cooperate as to the scheduling of Sgt. Thomas' deposition so that it does not interfere with the parties' trial preparations and the start of trial. The Court should be contacted if the parties encounter scheduling difficulties.

## 4. Dr. Rudnick's August 30, 2011 Affidavit

Plaintiff objects to the late production of Dr. Rudnick's August 30, 2011 affidavit which is a supplement to Dr. Rudnick's February 20, 2011 expert report. [Doc. No. 63-7]. For the reasons to be discussed, plaintiff' late notice objection is SUSTAINED and Quad is barred from using the affidavit.

There is no question that Dr. Rudnick's affidavit was produced late. Pursuant to the September 13, 2010 Scheduling Order [Doc. No. 40] plaintiff's expert reports were due by December 31, 2010, and Quad's expert reports were due by February 28, 2011. The parties timely produced their expert reports and Dr. Rudnick was deposed on July 18, 2011. Quad did not produce the affidavit at issue until September 2, 2011, when it was included as an exhibit (see Doc. No. 63-22) to Quad's Motion for Summary Judgment and to Bar Plaintiff's Experts. [Doc. No. 63].

In addition to being late, Dr. Rudnick's affidavit discusses opinions that were not previously disclosed. Dr. Rudnick's original expert report essentially concluded that exposure to toluene either does not cause glomerulonephritis and specifically "collapsing" focal segmental glomerulosclerosis (FSGS), and/or this association is not established in the medical literature. Dr. Rudnick's affidavit, however, presents a completely new opinion. Dr. Rudnick now adds the opinion that

8

plaintiff's disease developed too quickly after his exposure to Quad's toluene for there to be a causative link between plaintiff's disease and toluene. The parties refer to this as the "temporal proximity" defense. In this vein Dr. Rudnick stated in his affidavit:

> It would not be possible that a few days or weeks of exposure would have been sufficient to induce and more importantly, to begin to cause a loss of renal function for his FSGS. It is very probable that his FSGS onset preceded August 6, 2007, th[u]s making it not possible for the collapsing FSGS suffered by Mr. Steele to have been caused from the alleged toluene exposure in April 2007- August 2007.

Affidavit ¶5. When plaintiff's counsel briefly touched on this topic at Dr. Rudnick's July 18, 2011 deposition Dr. Rudnick acknowledged he did not mention the new opinion in his original report. See Plaintiff's June 19, 2012 Letter Brief ("LB") at 4 (citing to Dr. Rudnick's deposition testimony at 59:6-25).

The Court rejects Quad's argument that Dr. Rudnick's report put plaintiff on notice of the new opinions in his affidavit. See June 12, 2012 LB at 2-3. The original expert report discussed Dr. Rudnick's opinion that toluene does not cause plaintiff's disease. The report said nothing about the time period or "temporal proximity" it takes from exposure to diagnosis for there to be a causative link. As noted, Dr. Rudnick admitted he said nothing about his "temporal proximity"

9

opinion in his report. Thus, contrary to Quad's argument, plaintiff could not have been on notice of the new opinion.

The Court also rejects Quad's argument that plaintiff "opened the door" to Dr. Rudnick's new opinion. <u>Id.</u> at 3. The fact that plaintiff touched on a subject area at Dr. Rudnick's deposition does not give Quad a free license to supplement its expert's report and opinions. This contention is not supported in the Federal Rules or the applicable case law.

Plaintiff will be substantially prejudiced if Dr. Rudnick is granted leave to supplement his expert report with his affidavit. In order to cure the prejudice plaintiff would have to be granted leave to counter the affidavit. The Court credits plaintiff's argument that if Dr. Rudnick's new opinions are part of the case he would need to retain an entirely new expert. Tr. 26:10-25 to 27:1-8. This will necessarily result in a new round of expert reports, expert depositions, and possibly new <u>Daubert</u> motions. Given the significance of Dr. Rudnick's new opinions, the prejudice from Quad's late production will not be cured by simply re-deposing Dr. Rudnick. It is likely impossible for plaintiff to adequately respond to Dr. Rudnick's new opinions before the January 7, 2014 trial. As such, unless the trial is postponed plaintiff will be substantially prejudiced. There is no good justification to further delay the trial of this old case.

Giving plaintiff an opportunity to fairly rebut Quad's new expert evidence is not a viable alternative. In order to rebut the evidence plaintiff will have to embark on a costly and time consuming endeavor. Prejudice in this context may include costs spent to cure the prejudice caused by the late production of relevant evidence. D&D Associates, Inc. v. Board of Educ. of North Plainfield, C.A. No. 03-1026 (MLC), 2006 WL 1644742, at *4 (D.N.J. June 8, 2006)(quotation omitted); see also Ajax Enterprises v. Fay, C.A. No. 04-4539 (NLH), 2007 WL 1456201, at *3 (D.N.J. May 15, 2007)(amendment to introduce new evidence denied where parties would be forced to "incur substantial unnecessary transaction costs because [their opponents] ... want to assert a new ... claim ... virtually on the eve of the Final Pretrial Conference."). After years of discovery and motion practice plaintiff should not be required to "jump through ... belated hoops" because Quad now wants to supplement its expert's report. Scopia Mortg. Corp. v. Greentree Mortg. Co., L.P., 184 F.R.D. 526, 531 (D.N.J. 1998). Plaintiff has a right and expectation to go to trial without further undue delay. See Ajax Enterprises, supra, wherein the Court barred the plaintiff from pursuing late damage claims because plaintiffs' amendment would inevitably open the door to another round of discovery and would likely necessitate the need for a new round of expert reports. 2007 WL 1456201, at *3. See also New York v. Hill,

11

528 U.S. 110, 117 (2000)("Delay can lead to a less accurate outcome as witnesses become unavailable and memories fade"); Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc., et al., 87 F.R.D. 53, 56 (E.D. Pa. 1980)("Any plaintiff in the Federal Courts enjoys the right to pursue his case and to vindicate his claim expeditiously."); In re Health Mgmt., Inc., No. 96-0889 (ADS), 1999 WL 33594132, at *5 (E.D.N.Y. Sept. 15, 1999)(citation omitted)("The ability of courts to avoid undue delay is essential to assur[e] that justice for all litigants be neither delayed nor impaired.").

Quad argues plaintiff's objection is late because plaintiff did not object to Dr. Rudnick's affidavit until May 24, 2012 when the JFPTO was being prepared. Quad's argument is rejected. If Quad wanted to supplement its expert report it should have served a motion or application making the request. Quad never did this. Plaintiff should not to have to guess or speculate whether Quad intended to supplement its trial expert's report with an affidavit submitted in connection with a summary judgment motion. As soon as Quad put plaintiff on notice that it intended to use at trial the opinions in Dr. Rudnick's affidavit, plaintiff asserted a timely objection. Quad cannot foist blame upon plaintiff because it failed to follow the proper course of action by seeking leave of court to supplement Dr. Rudnick's expert report. Plaintiff adequately explained why

he did not move to bar the affidavit immediately after it was served.[1]

Quad has taken a disingenuous position with regard to the late production of evidence. When Quad opposed the use of Dr. McElhough's note, it argued in its June 19, 2012 letter brief that it was "too late" for new expert opinions. See June 19, 2012 LB at 2. Quad also argued that Dr. McElhough's deposition would not cure its prejudice and to permit the use of late produced opinions is "wholly inappropriate and would disrupt the testimony of the experts at trial." Id. Now, however, Quad makes the opposite argument when it wants to use Dr. Rudnick's late expert opinion. Quad's arguments with regard to Dr. McElhough's note were well taken; that is why its late notice objection to the note was sustained. Similarly, plaintiff's objection to Dr. Rudnick's affidavit is sustained.

The Honorable Chief Judge Jerome B. Simandle addressed an analogous issue earlier in the case. When plaintiff submitted a late affidavit regarding "free liquid" in Quad's drums, Quad vigorously objected. The objection was sustained. Steele v. Aramark Corp., C.A. No. 09-4340 (JBS/JS), 2012 WL 1067879, at **5-9 (D.N.J. March 29, 2012), rev'd on other grounds, Steele, supra. In his ruling Judge Simandle noted that the new

---

1. Plaintiff wrote in his June 19, 2012 LB at 8: "Plaintiff did not previously object to [the] use of the affidavit because it appeared irrelevant to the motions filed."

13

information in the affidavit was "very important" and "the prejudice and surprise to [Quad] is ... great." Id. at *7. Judge Simandle also noted that to cure the prejudice from the new information additional expert discovery would be necessary, which would disrupt the trial. Id. In addition, Judge Simandle noted (on March 29, 2012) that the case "needs to be tried without further delay." Id. The same reasons that led Judge Simandle to bar plaintiff's affidavit compel the Court to bar Dr. Rudnick's affidavit. The affidavit was produced late, it touches on key issues in the case, and plaintiff will be prejudiced if the affidavit is not barred. Further, in order to cure the prejudice from the use of the affidavit a new round of expert discovery would have to take place. If there was a pressing need to try the case in March 2012 without further delay, that need is even more pressing today. Judge Simandle noted, "[t]he most fitting remedy [for the late submission of important new evidence], incurring the least expense and delay, is to simply leave the case in the same position as it was in before the belated supplementation, by precluding [Quad] from using the new information ... at trial, pursuant to Rule 37(c)(1)." Id. at *8. The Court agrees this should be done and, therefore, plaintiff is barred from using Dr. Rudnick's affidavit at trial. Accord Gliemi v. Raymond Corp., C.A. No. 09-5734 (RMB/JS), 2013 WL 209131 (D.N.J. Jan. 17, 2013)(barring

plaintiff from using late produced forklift testing after applying the Meyers factors).

The Court emphasizes that it is only ruling on the parties' late notice objections, not the admissibility of the parties' evidence at trial.

Conclusion

Accordingly, for the foregoing reasons, it is hereby ORDERED this 13th day of December, 2013, as follows:

1. Quad's late notice objection to plaintiff's three photographs is OVERRULED;

2. Quad's late notice objection to Dr. McElhough's April 1, 2009 note is SUSTAINED. Plaintiff is barred from using the note at trial;

3. Quad's late notice objection to Sgt. Thomas testifying at trial is OVERRULED. Quad is granted leave to depose Sgt. Thomas before January 7, 2014; and

4. Plaintiff's late notice objection to Dr. Rudnick's August 30, 2011 affidavit is SUSTAINED. Dr. Rudnick is barred from testifying at trial as to the opinions expressed in the affidavit.

                                        s/Joel Schneider
                                        JOEL SCHNEIDER
                                        United States Magistrate Judge